IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:                                            )
                                                  )
BARBARA FAYE THORNTON,                            )   Case No. 12-42154-13
                                                  )
         Debtor.                                  )

<u>ORDER SUSTAINING RESPONSE IN OPPOSITION TO NOTICE OF FINAL
CURE PAYMENT UNDER RULE 3002.1 REGARDING CLAIM NUMBER 5
and
DENYING DEBTOR'S MOTION FOR ENTRY OF CHAPTER 13 DISCHARGE</u>

Debtor Barbara Faye Thornton filed a Motion for Entry of Chapter 13 Discharge Due to Plan Completion, to which the Chapter 13 Trustee objects. The issue is whether the Debtor has made "all payments under the plan" as required by 11 U.S.C. § 1328(a), when she has failed to make her ongoing postpetition mortgage payments "outside the plan." For the reasons that follow, her motion is DENIED. The Debtor is given the opportunity to file a motion to convert to Chapter 7. If no such motion is filed within 14 days, the case will be dismissed.

The Debtor filed this case on May 25, 2012. At the time of filing, the Debtor had two mortgages on her home. She successfully stripped off a wholly unsecured junior mortgage. The first mortgageholder, NationCredit Financial Services Corporation, by its servicer, Select Portfolio Servicing, Inc. ("Select Portfolio"), filed a proof of claim showing a small prepetition "arrearage" consisting of escrow advances and one monthly payment, totaling $935.11. However, despite showing a so-called arrearage, the parties all appear to agree that the Debtor was actually current on her mortgage payments when she filed this case.

According to the Local Rules of this District, if a debtor has no past due payments or charges due to the holder of a mortgage claim, other than the regular payment due in the month of filing, the debtor may propose a Chapter 13 plan in which the debtor makes the postpetition mortgage payments directly to the holder of the claim, rather than through the Chapter 13 Trustee.[1]  Conversely, if a debtor is delinquent on mortgage payments on the date of filing, then in addition to paying an amount sufficient to cure the arrearage, the debtor must make the ongoing postpetition mortgage payments to the holder of the claim through the Chapter 13 trustee, as part of the monthly plan payments, unless the court orders otherwise.[2]

Because the Debtor was current on her mortgage payments when she filed this case, she proposed a plan which provided for a monthly payment of $83 to the Trustee, and provided that she would make the ongoing postpetition mortgage payments of $691 per month directly to Select Portfolio, rather than through the Chapter 13 Trustee's office, in accordance with the Local Rule.  No one objected to that treatment, and so, with a minor modification not relevant here, the Plan was confirmed on August 7, 2012.[3]

On March 28, 2017, the Trustee filed a Notice of Completion of Chapter 13 Plan, meaning that the Debtor had made all of her Chapter 13 plan payments due to the Trustee.  On April 26, 2017, the Trustee also filed a Notice of Final Cure Payment regarding Select Portfolio's claim, saying he had paid the $935.11 prepetition "arrearage," plus $300 in allowed postpetition fees, expenses and charges.  However, because the ongoing postpetition payments were to be paid by

---

[1] Local Rules 3094-1.C.1; 3070-1.

[2] Local Rule 3094-1.C.2.  *See also In re Carey*, 402 B.R. 327 (Bankr. W.D. Mo. 2009)(discussing the local rule).

[3] The plan payment was later increased to $93 per month, but the plan continued to provide for direct postpetition mortgage payments throughout the entire case.

2

the Debtor directly, the Trustee stated he had no knowledge of whether the Debtor was current on those postpetition mortgage payments.

On April 28, 2017, the Debtor filed a Motion for Entry of Chapter 13 Discharge Due to Plan Completion.

Meanwhile, however, the Debtor had defaulted on her postpetition mortgage payments and, on December 27, 2012, Select Portfolio filed a motion for relief from stay. That motion was resolved by a Consent Order and Stipulation in Settlement of Motion for Relief (also known as a "drop dead order"), entered in January 2013, which required the Debtor to cure the delinquency by making certain specified payments. Soon thereafter, the Debtor failed to make those cure payments (as well as the regular ongoing payments) but Select Portfolio waited until January 23, 2017 to file its Notice of Breach of the drop dead order. Relief from the stay was granted on May 3, 2017. On May 5, 2017, Select Portfolio filed a Statement in Response to the Trustee's Notice of Final Cure Payment, saying that there was a postpetition arrearage of $35,742.74; that the last payment it had received was dated June 3, 2013; and that the mortgage was due for the October 2012 mortgage payment.

Because of that, the Trustee objected to the Debtor's Motion for Entry of Chapter 13 Discharge, asserting that, by failing to make the direct postpetition mortgage payments as she had proposed in her plan, the Debtor had failed to make "all payments under the plan" as required by § 1328(a) to receive a discharge.[4] In addition, the Trustee asserts, since the Debtor was not making mortgage payments, she did not devote all of her disposable income into the plan, as required by § 1325(b)(1)(B).[5]

---

[4] 11 U.S.C. § 1328(a).

[5] 11 U.S.C. § 1325(b)(1)(B).

3

Section 1328(a) of the Bankruptcy Code provides, as relevant here, that "as soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt . . . provided for under § 1322(b)(5)."[6] The issue in cases such as this is whether the debtor's mortgage debt is "provided for by the plan," and whether the ongoing mortgage payments – which the debtor is paying directly – are "payments under the plan." If the answers to those questions are "yes," and the debtor fails to make the postpetition mortgage payments, then the debtor is not entitled to a discharge under § 1328(a) because she has not made "all payments under the plan."

Section 1322(b)(5) provides that a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due."[7] This is commonly known as the "cure and maintain provision."

Despite the fact that § 1328(a) expressly excepts cure and maintain mortgage payments from discharge, courts are uniform in concluding that, when a plan contains a cure and maintain provision, the mortgage is "provided for by the plan" and the postpetition mortgage payments are made "under the plan," even if the debtor makes the postpetition payments directly to the mortgageholder.[8] In *In re*

---

[6] 11 U.S.C. § 1328(a)(1).

[7] 11 U.S.C. § 1322(b)(5).

[8] *See*, *e.g.*, *In re Kessler*, 655 Fed. Appx. 242 (5th Cir. 2016) (holding that postpetition mortgage payments which were being made directly were payments under the plan that had to be paid in order to receive discharge); *Evans v. Stackhouse*, 564 B.R. 513, 525-28 (E.D. Va. 2017) (same); *In re Coughlin*, ___ B.R. ____, 2017 WL 2602330 (Bankr. E.D. N.Y. June 15, 2017) (same); *In re Evans*, 543 B.R. 213 (Bankr. E.D. Va. 2016) (same); *In re Doggett*, 2015 WL 4099806 at *3 (Bankr. D. Colo. July 6, 2015) ("All courts that have examined the question of whether payments required to be made directly to creditors under a confirmed chapter 13 plan

*Kessler*, cited by the Trustee here, the Fifth Circuit recently so held.[9] The Fifth Circuit said:

> In *Foster*, we considered a bankruptcy court's refusal to confirm a Chapter 13 plan that provided for current payments on the debtor's mortgage to be made "outside the plan," *i.e.,* directly to the creditors. We concluded that the bankruptcy code allows for such direct payments, and explained that post-petition mortgage payments, whether paid directly or through a trustee, are paid "under the plan" when the plan also provides for the curing of pre-petition arrears on the debt. Thus, a Chapter 13 plan does not need to provide for curing default on § 1322(b)(5) debts, but if it does, then it must also provide for maintenance of the post-petition payments. Both the payments toward during pre-petition mortgage arrears and the post-petition maintenance payments fall under a Chapter 13 plan because both payments concern the same claim.[10]

As the Fifth Circuit did in *Kessler*, the courts addressing this issue have consistently held that in a cure-and-maintain situation, the ongoing mortgage payments are made "under the plan," regardless of whether they are being made directly by the debtor to the mortgageholder. The Debtor here cited no case holding to the contrary and I conclude that the reasoning is sound.

However, a distinction could be made in the context of this case, where there is no prepetition arrearage to be cured.[11] Indeed, although *Kessler* was a cure and

---

are 'payments under the plan,' as that term is used in § 1328(a), have answered the question in the affirmative.").

[9] 655 Fed. Appx. 242 (5th Cir. 2016)

[10] *Id.* at 244 (internal citations omitted; citing generally, *In re Foster*, 670 F.2d 478, 482, 488-89, 493 (5th Cir. 1982)).

[11] *See*, *e.g.*, *In re Coughlin*, 2017 WL 2602330 at *8 n. 6 ("[B]ecause both plans propose to cure prepetition arrears through payments made by the Trustee and then pay post-petition payments directly, this Court need not address whether a different result might ensue if these debtors were current on their mortgages at the petition date yet chose to retain their houses and directly pay post-petition payments.").

5

maintain case, the bankruptcy court in that case had suggested that a current mortgage obligation could be excluded from the plan:

> In *Foster,* the Fifth Circuit discussed the two possible interpretations to the phrase "outside the plan." Under one interpretation, the debt is treated under the plan but the debtors act as the "disbursing agent" and make payments "directly to the creditors rather than through the standing trustee." The alternative meaning is that "outside the plan" refers to payments of debts not treated by the terms of the plan. The first construction of the phrase reflects the way payments were provided for here. The Fifth Circuit in *Foster* held that payments so made are indeed made *under the plan.* It follows, then, that a payment truly "outside the plan" refers to a payment on a debt that is *not* provided for by the terms of a plan. A current, fully secured claim may, for example, be left unaffected and thus excluded from the plan. Such claim would then be paid "outside the plan." When a debtor chooses to exclude a secured debt from treatment under the plan, "the lien securing [such debt] merely passes through the bankruptcy case unaffected"; as a consequence, it will not be discharged.[12]

*In re Gonzales*[13] appears to be the only case dealing directly with debtors like the Debtor here, who were current in their mortgage payments when the case was filed. There, the debtors provided that mortgage payments would be made directly by them to the mortgageholder. Applying the Fifth Circuit decision in *Kessler*, the Court held:

> The Fifth Circuit instructs that debtors are permitted to act as disbursing agents under the plan to pay their ongoing mortgages. *In re Foster*, 670 F.2d at 486; *In re Perez*, 339 B.R. 385, 390 (Bankr. S.D. Tex. 2006). Further, the Fifth Circuit reasoned that debtors who paid mortgagees directly under the plan are "availing themselves of Congressional intent permitting flexibility in proposing Chapter 13

---

[12] *In re Kessler*, 2015 WL 4726794 at *3 (Bankr. N.D. Tex. June 9, 2015), *aff'd* 655 Fed. Appx. 242 (5th Cir. 2016).

[13] 2017 WL 2189562 (Bankr. S.D. Tex. May 17, 2017) (slip copy) (citations omitted).

6

plans and payment of claims." *In re Heinzle*, 511 B.R. 69, 76 (Bankr. W.D. Tex. 2014) (citing *In re Foster*, 670 F.2d at 486). "Any payment made in accordance with the provisions of a chapter 13 plan is a payment under the plan." *In re Kessler*, 2015 WL 4726794, at *3; *see also In re Foster*, 670 F.2d at 486. The phrase "provided for by the plan" is "commonly understood to mean that a plan 'makes a provision' for, 'deals with,' or even 'refers to' a claim." *Rake v. Wade*, 508 U.S. 464, 474 (1993); *In re Harris*, 107 B.R. 204, 208 (Bankr. D. Neb. 1989); *see also In re Hoyt–Kieckhaben*, 546 B.R. 868, 872 (Bankr. D. Colo. 2016) ("But in truth, regardless of who disburses the payment, it is [sic] remains a payment under the plan whenever the plan contains a provision effecting the treatment of that secured creditor's claim."). If a plan provision addresses the claim, irrespective of who disburses the payments to the creditor, those payments are under the plan. *In re Hoyt-Kieckhaben*, 546 B.R. at 872. Here, Debtors scheduled their home mortgage under Section 7 of the Plan. . . . Accordingly, the Plan [provides] for CitiFinancial's claim pursuant to Section 7. *Id.*; *see also Rake*, 508 U.S. at 474. Thus, Debtors' payments to CitiFinancial are payments under the Plan. *See In re Kessler*, 655 F. Appx. at 244. Therefore, Debtors must have completed all payments to CitiFinancial prior to the culmination of the Plan in order to be eligible for a chapter 13 discharge. *See id.*[14]

I agree. Thus, since the Debtor's plan provides for payment of the ongoing mortgage directly to the mortgagee, and the Debtor defaulted in such payments, the Debtor is not entitled to a discharge under § 1328(a).

I note that under the Bankruptcy Act, debtors could not confirm a wage earner plan without the approval of secured creditors. As a result, where a secured creditor did not approve a plan, there arose the practice of treating that creditor "outside" the plan, by making payments directly and not even referring to the creditor in the plan. But such a practice is not workable under the 1978 Bankruptcy Code, particularly in light of the later amendments requiring debtors to

---

[14] *Id.* at *4.

apply all projected disposable income to make payments under the plan or be subject to an objection to confirmation by the trustee or the holder of an unsecured claim.[15] Projected disposable income is fluid during the course of a case.[16] Thus, as a debtor's income or actual expenses change, the payments can be modified upon motion by either the debtor or the trustee. Here, the Debtor has not made mortgage payments for over three years postpetition. She therefore did not have an actual expense for housing despite the fact that the schedules on file show that, with a mortgage expense, she had no disposable income for payment to unsecured creditors.

Hence, in this district, if the schedules reveal that the debtor owns property with a mortgage (which they must, if the debtor in fact has such property and mortgage), then proposing a plan which does not specify how the mortgage payments are to be made, even if the debtor is current, will draw an objection from either the Chapter 13 Trustee or the mortgageholder. As a practical matter, then, all plans in this district must "make a provision for, deal with, or refer to" all mortgage claims,[17] regardless of whether they are current. And, all mortgages are "provided for" and resulting payments are "made under" Chapter 13 plans.

The Debtor is not entitled to a Chapter 13 discharge. But while the Debtor failed to make payments to Select Portfolio for an extended period of time, Select Portfolio also sat on its hands and allowed the debt to grow without taking any action. Therefore, the Debtor should be allowed to either convert the case to Chapter 7, or have it dismissed.

---

[15] 11 U.S.C. § 1322(a)(1) (a plan must "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for execution of the plan.").

[16] *See Hamilton v. Lanning*, 560 U.S. 505, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010).

[17] *Rake v. Wade*, 508 U.S. 464, 474, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993).

ACCORDINGLY: (1) the Debtor is given 14 days to file a motion to convert to Chapter 7 or the case will be dismissed; (2) the Response of Select Portfolio to the Notice of Final Cure Payment is SUSTAINED; and (3) the Debtor's Motion for Entry of Chapter 13 Discharge is DENIED.

IT IS SO ORDERED.

Dated:  6/28/17                                         /s/ Arthur B. Federman
                                                        Bankruptcy Judge